951 F.2d 360
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Irene L. GRINER, Petitioner-Appellant,
v.
COMMISSIONER INTERNAL REVENUE SERVICE, Respondent-Appellee.
 No. 90-70554.
 United States Court of Appeals, Ninth Circuit.
 Argued and submitted Oct. 11, 1991.
Decided Dec. 12, 1991.
 
 Before FLETCHER, D.W. NELSON and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Irene Griner appeals a tax court decision upholding the Commissioner's determination of her tax liability for 1980 and 1981. We affirm.
 
 BACKGROUND
 
 3
 Irene Griner and her husband Thomas Griner filed joint income tax returns for 1980 and 1981. In the midst of discord preceding their divorce, Thomas Griner told Internal Revenue Service agents that he had underreported income on the Griners' joint returns for 1980 and 1981.
 
 
 4
 In 1986, the Commissioner sent a notice of deficiency to the Griners claiming additional tax due of $30,835 for 1980 and $37,541 for 1981, plus interest and penalties. Irene Griner filed a timely petition with the tax court for a redetermination of her tax liability. The tax court affirmed the Commissioner's assessment. We have jurisdiction under 26 U.S.C. § 7482 (1988).
 
 ANALYSIS
 I. Jurisdiction of the tax court
 
 5
 The tax court's jurisdiction depends upon the Commissioner issuing a proper notice of deficiency. See 26 U.S.C. §§ 6212-6213 (1988); Scar v. Commissioner, 814 F.2d 1363, 1366 (9th Cir.1987). Griner claims that her notice was insufficient because the Commissioner did not actually "determine" that there was a deficiency.
 
 
 6
 Griner argues there was no determination because the Commissioner apparently did not examine Griner's original returns for the years in question. Griner's reliance on Scar to support this argument is misplaced. In Scar, the Commissioner mistakenly concluded the taxpayers had taken a deduction based on a questionable tax shelter. The Commissioner disallowed the purported deduction and assessed tax at the maximum level--subject to later correction--because, as the government admitted in the notice, it had not yet examined the taxpayers' return. Scar, 814 F.2d at 1364-65.
 
 
 7
 Under those circumstances, this court found that the Commissioner had not made the required determination because "[t]he Commissioner acknowledges in the notice that the deficiency is not based on a determination of the deficiency of tax reported on the taxpayers' return and that it refers to a tax shelter the Commissioner concedes has no connection to the taxpayers or their return." Id. at 1368.
 
 
 8
 In Griner's case, it is apparent from the notice that the Commissioner did determine the deficiency based upon information obtained from the Griners' returns. The notice of deficiency stated the income that the Griners reported on their returns for 1980 and 1981 and explained why that amount was incorrect. It is obvious that here, unlike in Scar, the Commissioner knew and acted upon the contents of the taxpayers' returns.
 
 
 9
 Griner's argument that the determination was invalid because the Commissioner may not have used the original papers filed by the Griners is without merit. Whether the Commissioner used the originals, copies, or computer reports of the returns is not important. What is important is that the Commissioner made an actual determination of deficiency based on the information contained in the returns filed by the Griners. The Commissioner therefore made a determination sufficient to give the tax court jurisdiction.
 
 II. The burden of proof
 
 10
 Assuming that the notice of deficiency provided the tax court with jurisdiction, Griner next argues that the burden of proof should have shifted to the Commissioner because the determination of deficiency was arbitrary and capricious. See Clapp v. Commissioner, 875 F.2d 1396, 1403 (9th Cir.1989). Griner claims several shortcomings in the methods used by the Internal Revenue Service agent who attempted to determine the Griners' true income.
 
 
 11
 Merely second-guessing IRS methods is not tantamount to establishing an arbitrary and capricious determination. The record shows that a revenue agent, faced with a lack of required record keeping by the Griners, used reasonable methods in attempting to reconstruct the Griners' income. Those methods included examining bank records and divorce files and interviewing Thomas Griner to review his bookkeeping practices. The determination was not arbitrary and capricious and the tax court correctly refused to shift the burden of proof.
 
 III. Relief under 26 U.S.C. § 6013(e)
 
 12
 Griner claims that she is entitled to relief under 26 U.S.C. § 6013(e) (1988), which provides that a spouse who has filed a joint return may be relieved of liability for tax deficiencies in certain circumstances. Griner was required to show that there was a substantial understatement of income attributable to her husband, that she did not know and had no reason to know of the understatement, and that it would be inequitable to hold her liable for the tax deficiency.
 
 
 13
 This court upholds the tax court's factual findings necessary to determine the applicability of § 6013(e) unless they are clearly erroneous. See Guth v. Commissioner, 897 F.2d 441, 443 (9th Cir.1990). The tax court found that Irene Griner, because of her involvement in her husband's practice, knew or should have known of the underreporting of income. The court also found that Irene Griner did not demonstrate that it would be inequitable to hold her liable for the taxes because she failed to show that she had received no financial benefit from the underreporting. The court's factual conclusions are supported by the record and are sufficient to deny relief under § 6013(e).
 
 IV. Illegal income
 
 14
 Finally, Griner contends that the possible presence of illegal income in this case--income purportedly earned by Thomas Griner in states in which he was not licensed to practice--means the burden of proof should have shifted to the Commissioner. Griner's contention is without merit. The Commissioner in this case did not allege that any of the income was derived from an illegal source. The burden of proof properly remained with Griner.
 
 
 15
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3